**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**LELA MEEKS**                                                                               **PLAINTIFF**

**V.**                                                                                      **NO. 1:07CV161-M-D**

**BHEKI M. KHUMALO and
PODIATRY INSURANCE COMPANY
OF AMERICA**                                                               **DEFENDANTS**

**ORDER**

This cause comes before the court on the motion of defendant Podiatry Insurance Company of America ("Podiatry Insurance"), joined by defendant Bheki Khumalo, for summary judgment, pursuant to Fed. R. Civ. P. 56.[1] This is a breach of contract action arising out of the settlement of a medical malpractice claim against defendant Khumalo, a podiatrist, after he was allegedly negligent in treating plaintiff's foot lesions. Plaintiff originally filed this action in the Circuit Court of Alcorn County on May 10, 2007, and the case was timely removed to this court. In her complaint, plaintiff notes that a settlement had been reached between the parties prior to the filing of the lawsuit, but she alleges that defendants failed to make timely payment as required by the terms of their agreement. In its motion for summary judgment, defendant Podiatry Insurance, Dr. Khumalo's malpractice carrier, argues that plaintiff settled all claims against defendants and that they are entitled to dismissal of this lawsuit based upon the doctrine of accord and satisfaction.

---

[1]Defendant originally filed this motion as a Rule 12 motion to dismiss, but, in light of the fact that the motion relied upon extrinsic exhibits and other materials outside the pleadings, this court dismissed the motion with instructions that it be re-filed as a motion for summary judgment. Plaintiff appears to regard this fact as some sort of validation of her lawsuit, but, by so ordering, this court was merely complying with the requirements of the Federal Rules of Civil Procedure and was by no means indicating that this lawsuit had potential merit.

The essential facts of this lawsuit are not in dispute. On November 1, 2006, plaintiff agreed to settle all claims against Dr. Khumalo for $350,000. As part of the agreement, the defendants agreed to deliver that amount to plaintiff's attorney on or before November 14, 2006. In reality, however, the check was not delivered until November 21, 2006. In spite of this belated delivery, plaintiff cashed the settlement check and signed on November 22, 2006 a document entitled "Full and Complete Release With Covenants." This release provides in pertinent part as follows:

> Further, for the consideration named herein, the undersigned agrees, promises and covenants not to institute, file or assert any suit, action or claim against the Releasees named herein for damages or injuries of any kind whatsoever resulting or to result in any manner from the aforesaid incident or occurrence.

In spite of this promise, plaintiff filed the instant breach of contract action seeking $1,000,000 in damages, including punitive damages, for breach of contract.

Based upon the foregoing facts, it is apparent that this is a lawsuit which borders on the frivolous. Disregarding the absurdity of plaintiff's seeking $1,000,000 in damages for a week's delay in submitting a settlement check, it is abundantly clear that the instant lawsuit is barred by the doctrine of accord and satisfaction. The Mississippi Supreme Court has written that:

> Where . . . a sum of money is tendered in satisfaction of the claim, and the tender is accompanied by such acts and declarations as amount to a condition that, if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such condition, an acceptance of the money offered constitutes an accord and satisfaction. This is true, although the creditor protests at the time that the amount paid is not all that is due, or that he does not accept it in full satisfaction of his claim. Where the tender or offer is thus made the party to whom it is made has no alternative but to refuse it or accept it upon such condition. If he accepts it he accepts the condition also, notwithstanding any protest he may make to the contrary.

*Dix v. Trigger Contractors, Inc.*, 337 So.2d 694 (Miss. 1976), *citing Cooper v. Yazoo and*

*Mississippi Valley Railroad*, 82 Miss. 634, 35 So. 162 (1903).

In this case, plaintiff did not merely cash a check offered in settlement of her claims against Dr. Khumalo; she also signed a settlement agreement in which she explicitly promised not to file a lawsuit seeking "damages or injuries of any kind whatsoever resulting or to result in any manner from the aforesaid incident or occurrence." In her brief opposing summary judgment, plaintiff protests that she was merely settling her malpractice claim and not any breach of contract claim which she might have. If such were plaintiff's intent, however, then she should clearly have refused to sign a settlement agreement promising not to file a lawsuit "of any kind whatsoever" resulting in "any manner" from her malpractice claims. It is also apparent that plaintiff has improperly brought a direct action against Podiatry Insurance, inasmuch as there is no genuine issue of insurance coverage in this case. *See* Miss. R. Civ. P. 57. In the court's view, the only close issue presented in this case is whether it should impose sanctions against plaintiff for filing a frivolous lawsuit. Defendant has requested that costs be assessed against plaintiff, and the court agrees that the awarding of such costs is proper. The court will refrain from awarding any additional sanctions, but plaintiff's counsel is admonished against bringing any such baseless lawsuits before this court in the future.

In light of the foregoing, it is ordered that defendants' motion for summary judgment is granted. All costs in this lawsuit shall be taxed against the plaintiff.

A separate judgment will be issued this date, pursuant to Fed. R. Civ. P. 56.

SO ORDERED, this the 25th day of March, 2009.

                                              **/s/ MICHAEL P. MILLS**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**
                                              **NORTHERN DISTRICT OF MISSISSIPPI**